**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| FAUSTINO CORONA,<br><br>              Petitioner - Appellant,<br><br>   v.<br><br>V. M. ALMAGER, Warden, Centinela State Prison,<br><br>              Respondent - Appellee. | No. 11-55390<br><br>D.C. No. 2:08-cv-01393-ABC-AGR<br><br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Audrey B. Collins, District Judge, Presiding

Argued and Submitted June 5, 2013
Pasadena, California

Before: THOMAS, SILVERMAN and FISHER, Circuit Judges.

Faustino Corona appeals the district court's order dismissing his petition for

a writ of habeas corpus, which challenges his conviction for attempted,

premeditated murder. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we

affirm.

---

[*]This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Corona contends that his trial counsel, Richard Pintal, provided ineffective assistance by failing to conduct an adequate investigation into the extent of Corona's intoxication at the time of the crime, failing to adequately research the law on the voluntary intoxication defense and failing to present sufficient evidence at trial to obtain a jury instruction on voluntary intoxication. Corona has presented no evidence establishing the extent of Pintal's investigation or the sufficiency of Pintal's legal research. The newly proffered declarations from witnesses with information about the extent of Corona's intoxication do not establish the inadequacy of the investigation, because they do not establish that Pintal failed altogether to contact pertinent witnesses or obtain comparable evidence from other sources. We therefore cannot conclude that the state court's dismissal of Corona's ineffective assistance of counsel claim was "necessarily unreasonable." *Cullen v. Pinholster*, 131 S. Ct. 1388, 1403 (2011); *see also* 28 U.S.C. § 2254(d).

Given the considerable latitude trial counsel has in making tactical decisions, *see Strickland v. Washington*, 466 U.S. 668, 689 (1984), Pintal's chosen defense strategy – exploiting the victims' inconsistent statements in hopes of creating reasonable doubt, rather than focusing on Corona's intoxication – does not fall outside the "wide range of reasonable professional assistance" deemed adequate under the Fifth Amendment, *see id*.

2

Corona also suffered no prejudice from the alleged deficient representation because the jury is unlikely to have found that Corona lacked the requisite mental state even if the additional evidence had been presented. The jury heard ample evidence of Corona taking purposeful, deliberate actions in his attempt to kill his victims: he confronted his wife about another party-goer, beat her, picked up a rifle, loaded the rifle with at least seven bullets, pointed the rifle at his wife, pulled the trigger, pointed the rifle at his wife's friend, pulled the trigger and had the presence of mind to leave before the police arrived. Thus, even if Pintal had presented the newly proffered evidence and obtained a jury instruction on voluntary intoxication, there is not a "substantial . . . likelihood of a different result." *Pinholster*, 131 S. Ct. at 1403 (internal quotation marks omitted) (quoting *Harrington v. Richter*, 131 S. Ct. 770, 791 (2011)).

**AFFIRMED**.